FILED

2014 Mar-28  PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **BRADLEY S. PATTERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  4:11-cv-04067-HGD** |
| | ) | |
| **STATE OF ALABAMA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

On August 16, 2013, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge.  No objections have been filed by plaintiff or defendants.

After careful consideration of the record in this case and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge and ACCEPTS the recommendations of the magistrate judge that:

(1) Robert Bentley, Luther Strange and Nancy Buckner be DISMISSED with prejudice as defendants from this action based on the plaintiff's failure to state a claim upon which relief can be granted;

(2) Count Two be DISMISSED with prejudice as stating a claim, if any, that is barred by the statute of limitations;

(3) Carla H. Clemons be DISMISSED with prejudice as a defendant from this action because any claim against her is barred by the statute of limitations;

(4) Bentley, Strange, Buckner, Brooks, Clemons and Hiett be DISMISSED with prejudice because plaintiff has failed to allege that they performed any act that could be construed as a violation of plaintiff's clearly established constitutional rights subsequent to December 1, 2009, and they are entitled to qualified immunity;

(5) plaintiff be ORDERED to amend Counts One and Three of his complaint within a time period to be set by the court, and DIRECTED to set out any and all events which occurred subsequent to December 1, 2009, that he alleges are a violation of his clearly established rights to procedural due process and, if applicable, equal protection.  Such allegations should also include the date(s) the violation(s) occurred and the identity of the party who allegedly committed the violation(s) and, if applicable, any similarly situated individuals who were treated differently.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 28th day of March, 2014.

_____
United States District Judge